IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY DORSEY #193579
   Plaintiff

       \*

       \*

   V

LARRY HOGAN
ROBERT L. GREEN
FRANK BISHOP
GREG WERNER
ROBERT RODERICK
D. THOMAS
WILLIAM BEEMAN
BRENDA REESE
RONALD WEBER
KEITH ARNOLD
ROBIN WOOLFORD
WAYNE HILL
CORIZON HEALTH SERVICES
MARYLAND DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONAL SERVICES
DR. GETACHEW
Dr. Cushin
      Defendant(s)

     FILED      ENTERED
     LODGED      RECEIVED

MAR 2 2 2021

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                DEPUTY

Civil Action No. _____

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under color of state law, of Rights secured by the united states constitution, and the ADA. The court has jurisdiction under U.S.C section 1331 and 1343 (a)(3) Plaintiff seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202 Plaintiff claims for injunctive relief are authorized by 28 U.S.C section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The State of Maryland is an appropriate venue under 28 U.S.C section 1391 (6)(2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

Plaintiff Terry Dorsey #193579 is and was at all times mentioned herein a prisoner of the state of Maryland in the custody of the Department of Public Safety and Correctional Services He is currently confined at Western Correctional Institution in Cumberland Maryland.

## DEFENDANTS

1) LARRY HOGAN, Governor of the state of Maryland whom is responsible for the operation of marylands Prisons facilities and supervision of those facilities by supervising the secretary of the Maryland Department of Public Safety and Correctional Services and the Commissioner of Corrections,

2) Robert L. Green, Secretary of the Department of Public Safety and correctional services whom is appointed by the Governor is responsible to the Governor for the lawful supervision of the commissioner of correction and responsible to the lawful operation of the DPSCS.

3) Wayne Hill, commissioner of corrections whom by appointment of the Secretary and approval by the Governor and consent by the Senate and is responsible to the Governor and the Secretary for the lawful operation of the Division of corrections;

4) Frank Bishop Jr. Warden whom is appointed by the commissioner is responsible for supervising the government, discipline and policy of the correctional facility and in relevant part...

5) Greg Werner, Security Chief whom is directly responsible to ensure his custody staff are properly and thoroughly trained in the performance of their duties (NBCI)

6) Robert Roderick, is supervisor of case management for North Branch Correctional Institution whom is legally responsible for all inmates case loads managed by the case management specialist at NBCI and programs certifications.

7) D. Thomas, is the ADA coordinator whom is lawfully responsible to the creating of programs and services for Deaf and hard of hearing and hearing impaired inmates at NBCI. She is responsible to review any written complaint and appeals through the administrative Remedy Procedure (ARP) concerning issues related to deafness submitted by deaf or hard of hearing hearing impaired inmates at DPSCS correctional facilities responses given to deaf by hearing impaired inmates. Whether the request is terminated favorable or unfavorable to the deaf inmate to hearing impaired inmates. Whether the request is terminated favorable or unfavorable to the deaf inmate to ensure compliance with the Jarboe et al v. Maryland Department of Public Safety and Correctional Services

8) William Beeman, is an R.N. whom is lawfully responsible to refer all inmates medical issues to a doctor or provider And he is an R.N. who works for the Corizon Health Services contractor at North Branch Correctional Institution

9) Ronald Weber, Warden who is appointed by the commissioner is responsible for supervising the government discipline and policy of the western correctional facility and in relevant part...

10) Keith Arnold, Security Chief, whom is directly responsible to ensure his custody staff at the western Correctional Institution are properly and thoroughly trained in the proformance of their duties.

11) Robin Woolford, is Deputy Director whom is lawfully responsible to review grievances filed by inmates within the DPSCS and make a summary of what the essence of the inmates grievance and establishes a hearing date.

12) Corizon Health Services, is a provate contractor whom is lawfully responsible for those medical staff who are under contract, RN's, med-tech's, Providers, Doctors et cetera and their responsible to ensure that inmates within the institutions under contract, inmates are given adequate medical care and treatment

13) Maryland Department of Public Safety and Correctional Services, is the entity that oversees the facilities within the Department of Corrections and whom is responsible to ensure that each inmate is given equal protection and ensure that each inmate is housed in a safe environment and have equal access to services and programs provided by the DPSCS.

14) Brenda Reese, is an R.N. whom is lawfully responsible to refer all inmates medical issues to a doctor or provider. And she is an RN who works under Corizon Health Services contractor at Western Correctional Institution.

15) Dr. Getachew, is a Doctor and medical Director whom is lawfully responsible to make medical decisions consistent with treatment and care for inmates within the DPSCS facilities that is medically sufficient to be considered adequate care and treatment and to review treatment and care of the medical department within the DPSCS.

16) Dr. Cush, is an Audologist responsible of testing those patients who are considered to be hearing impaired he has a private practice and has been contracted by the DPSCS to diagnose inmates

## STATEMENT OF FACTS

In April 15, 1996 the plaintiff Terry Dorsey, was diagnosed of having uterlateral deafness in his left ear by an ENT doctor (Ear, Nose and Throat) in which the report was in plaintiffs medical records upon being transferred to the North Branch Correctional Institution. In the years that followed the plaintiff began to have complications with his hearing in his right ear and suddenly he could barely hear at all and on November 16, 2016 he was seen by the audiologist Dr. Ross Cushing and was diagnosed again as completely deaf in his left ear which was unaidable and a profound hearing loss in his right ear. He (Dr. Cushing) recommended a hearing aid for the plaintiffs right ear. The plaintiff have requested to be accommodated and afforded the programs and services that are suppose to have been established in every DPSCS facility for Deaf/Hearing Impaired inmates in accordance with the settlement agreement in Jarboe et.al. v. Maryland Department of Public Safety and Correctional Services, however, he has been continuously denied. He has continuously complained about being incapable of hearing everything his family is conveying to him on the standard phone, he has been forced to use since he is being denied the TTY or video phone system. (Since he has no other means of communication) The phone has cut off on numerous occasions stating three way call alert or state that a mechanical device is being used.
The plaintiff have made a complaint against the medical department who has made it clear that the medical department is not responsible for the TTY or video phone system or any of the services, programs and accomodations to be afforded Deaf or Hearing impaired inmates in accordance with the ADA and the Settlement Agreement of Jarboe v. DPSCS.
The medical Department made it clear that the custody staff of the DPSCS is responsible for making sure that the inmate is accomodations for those inmates that are hearing impaired.

The DPSCS staff or custody staff has constantly stated that medical must write an order. On July 22, 2019 the plaintiff filed an Administrative Remedy Procedure Case No. NBCI-1534-19 and this ARP was dismissed without merit on August 15, 2019. And on or about August 20, 2019 an appeal was failed to the commissioner of corrections and was also dismissed. The plaintiff filed an inmate grievance with the deputy director as an appeal of that dismissal on October 25, 2019 in which additional documents was requested that was immediately forwarded and recieved on January 17, 2020 and on March 18, 2020 the IGO complaint was dismissed the reasons given the DPSCS Secretary sent the plaintiff a letter of inquiry from the DPSCS, office of inmate Health & Clinical services dated February 18, 2020 with the Governor Larry Hogans name on its heading then a letter signed dated February 11, 2020 from Corizon Health Services however, an RN, William Beeman signature was affixed as a or the provider stating that the plaintiff do not need the TTY or video phone system because he has used the standard phone consistently (out of being forced to).

Because of the plaintiff's constant complaints of being hearing impaired and not recieving the accomodations, services, programs, sign therapist etcetera the DPSCS continued to attempt to have the plaintiff diagnoses changed by the audiologist Dr. Ross Cushing so the institution had the plaintiff seen not once which is the standard but three times until doctor Ross Cushing who is employed by the DPSCS changed his diagnoses however, the diagnoses remains the plaintiff is hearing impaired but the last consult of record displays an incoherent, or ambiguous notes which has the appearance of being changed only to placate the DPSCS.

The plaintiff was then transferred to the western Correctional Institution the plaintiff again requested the services afforded deaf or hearing impaired inmates however, he has been informed the RN Brenda Reese has conveyed to custody that the plaintiff is not hearing impaired and should not be afforded the accomodations of a hearing impaired inmate however, this does not exclude the DPSCS obligation in accordance with Jarboe v DPSCS to accomodate deaf or hearing impaired inmates on March 5, 2021 the plaintiff went to a sick-call request where he saw a nurse Bernice who said she sent the social worker a Audiologist report that stated that he was hearing impaired however, there seemed to be another report which was contrary by the same audiologist and again the DPSCS denied the plaintiff accomodations and that Dr. Ross Cushing had been coerced to change his diagnoses.

(1) Defendant: Larry Hogan, as governor of the State of Maryland whom is aware of the laws of the Americans with Disabilities Act (ADA) and the Rehabilitations Act, and whom is responsible for the operation of Maryland prison facilities and supervision of those facilities by supervising the Secretary of the Maryland Department of Public Safety and Correctional Services and the Commissioner of Corrections the defendant failed to enforce the Settlement Agreement in Jarboe v. Maryland Department of Public Safety and Correctional Services to establish programs, services and accomodations in every facility in the DPSCS for deaf, Hard of Hearing or Hearing impaired. However, the plaintiff has not been accomodated in two facilities in Cumberland Maryland (North Branch Correctional Institution and Western Correctional Institution) and to date the defendant has done nothing to enforce these two facilities to establish any programs, services or accomodations for Deaf, Hard of Hearing and Hearing impaired within these two facilities.

(2) Defendant: Robert L. Green, as the Secretary of the Department of Public Safety and Correctional Services whom has been appointed by the Governor and is responsible to the governor for the lawful supervision of the Commissioner of Correction and responsible to the lawful operations of the DPSCS whom is also aware of the Americans with Disabilities Act (ADA) and the Rehabilitations Act and it is his responsibility to enforce these laws in which he failed to do in violation of the Plaintiff's Rights. The Defendant has actual or constructive knowledge of the Settlement Agreement in Jarboe v Maryland Department of Public Safety and Correctional Services which the Secretary of DPSCS agreed to establish programs, services and other accomodations in every facility within the DPSCS for Deaf, Hard of hearing, hearing impaired. However, the defendant has not enforced the law of this Settlement Agreement in two facilities that the plaintiff has continued to experience violation of his Rights under the (ADA) these two facilities are North Branch Correctional Institution and Western Correctional Institution located in Cumberland Maryland.

(3) Defendant: Wayne Hill, as the Commissioner of Corrections, whom was appointed by the Secretary and approved by the Governor is responsible to the Governor and Secretary for the lawful operation of the Division of Correction who has actual or constructive knowledge of the Americans with Disabilities Act (Act) and the Rehabilitation Act and the Plaintiff's Terry Dorsey's complaints. It is the defendants responsibility to enforce the (ADA) he is also aware of the Settlement Agreement in Jarboe v Maryland Department of Public Safety and Correctional Services. The Defendant Commissioner Wayne Hill, has the responsibility of enforcing operation within the facilities however, he has failed to enforce the establishing programs services, or accomodations in two facilities that the plaintiff has been housed Located in Cumberland Maryland (North Branch Correctional Institution and Western Correctional Institution) the defendant has done nothing to enforce that these two institutions establish programs, services and accomodations for deaf, Hard of hearing, or hearing impaired

(4) Defendant: Frank Bishop Jr., as the warden whom was appointed by the Commissioner is responsible for supervising the governing, operations, discipline and policy of the correctional facility at North Branch Correctional Institution. The Defendant has and had actual and constructive knowledge of the Settlement Agreement in Jarboe v Maryland Department of Public Safety and Correctional Services and failed to enforce this Settlement Agreement by establishing programs, services and accomodations for Deaf, Hard of Hearing and Hearing impaired inmates. The Defendant has and had actual and constructive knowledge of the Plaintiff's disability but continued to violate his Rights in accord with the (ADA) until he was transferred to Western Correctional Institution. Defendant has still not established any programs, services and accomodations at the North Branch Correctional Institution for Deaf, Hard of hearing and hearing impaired inmates in accord with the Americans with Disabilities Act.

(5) Defendant, Greg Werner, as chief of security is directly responsible to ensure his custody staff are properly and thoroughly trained in the performance of their duties. Whom also is responsible to maintain the safety of inmates and staff with the institution/facility at the North Branch Correctional Institution who has actual and constructive knowledge of Jarboe v. Maryland Department of Public Safety and Correctional Services failed to enforce the establishment of programs, services and accomodations for Deaf, Hard of Hearing and Hearing impaired inmates and to train or enforce training staff for safety purposes of those inmates who are Deaf, hard of hearing and hearing impaired would not be placed in substantial risk of harm which the Plaintiff was constantly placed in.

(6) Defendant, Robert RODERICK as supervisor of case management for North Branch Correctional Institution who is responsible for all inmates case loads managed by case management specialist and programs certifications who has actual and constructive knowledge of the plaintiffs disability but refused to and failed to enforce the settlement Agreement in Jarboe v Maryland Department of Public Safety and Correctional Service to establish programs, services and accomodations for Deaf, Hard of Hearing, and Hearing impaired inmates or enforce for the plaintiff to recieve any accomodations at all for his disability even when he the Defendant had actual and constructive knowledge that the plaintiff was hearing impaired, Deaf and Hard of Hearing. And he violated the Plaintiffs Rights in accord with the (ADA).

(7) Defendant, D. Thomas, as the ADA coordinator is lawfully responsible for creating programs, services and accomodations for Deaf/Hard of Hearing and Hearing impaired inmates housed at North Branch Correctional Institution. She is responsible for reviewing any complaints and appeals written through the Administrative Remedy Procedure (ARP) concerning issues related to deaf or hard of hearing and hearing impaired. She failed to review the Plaintiffs complaints, failed to respond to plaintiffs request to consult with her, failed to create programs, services or accomodations for Deaf, Hard of hearing and hearing impaired inmates and to do the job she has been appointed to do as the ADA coordinator to represent Deaf, hard of hearing, hearing impaired inmates and in violation of the plaintiffs Rights under the ADA.

(8) Defendant, William Beeman, as an RN was lawfully responsible to refer all inmates medical issues to a doctor or Provider. and he is contracted by Corizon Health services contractor he works at North Branch Correctional. Defendant and intentionally and maliciously responded to a letter written to a provider or Doctor in the medical department that inquired about the plaintiffs disability the Defendant signed and responded to the document which he did not have the authorization to do as an RN. This subjected the Plaintiff to deliberate indifference by this defendant and it violated he Rights under the ADA because he (the defendant) specifically stated that the plaintiff did not need the TTY or videophone system.

(9) Defendant; Ronald Weber as the Warden Pursuant as appointed by the Commissioner is responsible for supervising the governing of operations, discipline and policy of the correctional facility at Western Correctional Institution. The Defendant has and had actual and constructive knowledge of the Settlement Agreement in Jarboe v. Maryland Department of Public Safety and Correctional Services and failed to enforce the Settlement Agreement by establishing programs, services and accomodations for deaf, hard of hearing and hearing impaired inmates. The defendant has actual and constructive knowledge of the plaintiffs disability but failed to establish accomodations for the plaintiffs disability and when case manager specialist recommended a reduction or decrease in plaintiffs security level so he could be transferred to a facility that had the programs, services, and accomodations available the defendant disapproved of the decrease of security level furthering the deliberate indifference. The plaintiff have also written the defendant several times concerning these matters. Continued to discriminate against plaintiff and his disability and continued to violate the ADA Law.

(10) Defendant. Keith Arnold, as the chief of Security is directly responsible to ensure his custody staff are properly and thoroughly trained in the proformance of their duties. Whom is also responsible to maintain the safety of inmates and staff within the facility at the Western Correctional Institution. The defendant has actual and/or constructive knowledge of Jarboe v. Maryland Department of Public Safety and Correctional Services, and failed to enforce security measures to establish programs, services and accomodations to eliminate the substantial risk of harm for any deaf, hard of hearing and hearing impaired inmate and failed to enforce the training of custody staff to prepare them to be capable of accomodating those inmates with such disabilities. The defendant also had actual and constructive knowledge the plaintiffs disability but failed to remove the plaintiff from the risk of substantial harm or failed to enforce that the plaintiff recieve the accomodations afforded deaf, hard of hearing and hearing impaired inmates. Continued to violate the ADA Laws and discriminate against the plaintiff and his disability.

(11) Defendant; Robin Woolford, as deputy Director is responsible to review grievances filed by inmates within the DPSCS and make a summary of what the essence of an inmates grievance and establish a hearing date the defendant failed to follow the procedure, policy and regulations that governs Inmate Grievances Hearings and dismissed the plaintiffs case without merit even when the exhibits and evidence that was attached supported Plaintiffs complaint. The defendant violated the plaintiff constitutional Rights in accord with Procedural Due Process, and violation of the Inmate Grievance procedures.

(12) Defendant; Corizon Health Services, as a contractor is Lawfully responsible for those medical staff who are under contract, RN's, Med-Tech's, Nurse Practioners, Providers, Doctors et cetera and their responsible to ensure that inmates within the facilities that the defendant has a medical contract are given adequate medical care and treatment. The Defendant has actual or constructive knowledge of the plaintiffs disability but has failed to ensure or enforce that he is given the accomodations afforded to inmates that are Deaf, Hard of Hearing, and Hearing impaired and have failed to discipline medical staff who are contracted by them who are unauthorized for interfering in the plaintiffs treatment.

(13) Defendant; Department of Public safety and correctional services as the entity that oversees the facilities within the Maryland Department of Corrections and whom is responsible to ensure each inmate is given equal protection and ensure and enforce that each inmate is housed in a safe environment and have equal access to programs and services provided by the DPSCS. The Defendants failed to enforce that the plaintiff was placed in a safe environment and that he recieved equal protection and access to services and programs. The Defendant failed to enforce the programs and services that was to be established from the Settle-ment Agreement in Jarboe v. Maryland Department of Public safety and correctional services. And the defendant continued to discriminate against the plaintiff and his disability and continued to violate the ADA Laws

14) Brenda Reese as an RN is lawfully responsible to refer all inmates medical issues to a provider, nurse practitioner or doctor. She is also under contract and work for the contractor Corizon Health Services at the Western Correctional Institution. The defendant has actual and constructive knowledge of the plaintiffs disability and the ADA but has continued to interfer in the plaintiffs treatment, care or of him recieving the accomadations and subjed the plaintiff to deliberate indifference, cruel and unusual punishment and violation of his rights of the ADA

15) Defendant, Dr. Getachew, as a Doctor and medical director for the medical department is legally responsible to ensure that inmates are given adequate medical care and treatment he is also responsible to ensure that those with diagnoses for disabilities by specialist are provided adequate treatment and care for those disabilities in which he from the very beginning attempted to change the diagnoses made by the audiologist causing the reports to seem in conflict as to the plaintiffs disability. The defendant has actual and constructive knowledge of the Americans with Disabilities Act (ADA) The Rehabilitation Act and the plaintiffs disability. He is also aware or has actual and constructive knowledge of the Settlement Agreement in Jarboe v. Maryland Department of Public Safety and Correctional Services but failed to enforce the staff to ensure the plaintiff recieve accomodations afforded Deaf, hearing impaired inmates and continued to violate the plaintiffs rights in accord with the ADA and continued to Discriminate against the plaintiff and his disability

16) Defendant, Dr. Ross Cushing as an audiologist has the legal responsibility to make diagnoses of those who has hearing disabilities and impairments and to ensure that those who are diagnosed with such disabilities are given hearing aids or whatever is needed however the defendant violated the plaintiffs ADA Rights by changing the plaintiffs diagnoses only to placate the other defendants so they would not be obligated to accomodate the plaintiff for his disabilities.

(14) Defendant; Brenda Reese, as an RN is Lawfully responsible to refer all inmates medical issues to a provider, nurse practitioner or doctor. She is also under contract with contractor Corizon Health Services at the Western correctional Institution. The defendant has actual and/or constructive knowledge of the plaintiffs Disability and the ADA Laws but has continued to interfer in the plaintiffs treatment and care and subject the plaintiff to deliberate indifference.

(15) Defendant: Doctor Getachew, as the Regional Director and head doctor for the North Branch correctional Institution was/is lawfully responsible to ensure that inmates are given adequate medical care and treatment he is also responsible to ensure that those with diagnoses for disabilities by specialist are provided adequate treatment and care for those disabilities in which he maliciously changed a diagnoses made by the audiologist in the plaintiffs care and treatment causing the files to be in conflict as to the plaintiffs disability. The defendant has actual and constructive knowledge of the Laws of the Americans with Disabilities Act (ADA) The Rehabilitation Act and the Plaintiffs disability. He is also aware or has actual or constructive knowledge of the Settlement Agreement in Jarboe v. Maryland Department of Public Safety and correctional Services but failed to enforce the staff to ensure the plaintiff recieve accomodations afforded Deaf, Hard of Hearing and Hearing impaired inmates and continued to violate the plaintiffs Rights in accord with the ADA and continued to Discriminate against the plaintiff and his disability.

### EXHAUSTION OF LEGAL REMEDIES

The plaintiff Terry Dorsey used the prisoner or inmate grievance procedure available at the Western correctional Institution to try and solve the problem. On July 22, 2019 the plaintiff presented the facts relating to this complaint. By filing a Administrative Remedy Procedure case no. NBCI-1539-19 on or about August 15, 2019 that was dismissed as without merit. And on August 20, 2019 the plaintiff filed an appeal with the commissioner of correction that was also dismissed. The plaintiff soon after filed an appeal of both dismissals to the Deputy Derector Robin Woulford on October 25, 2019 an inmate grievance which was requested that the plaintiff provide additional documents and was recieved on January 17, 2020 and on March 18, 2020 the appeal for the inmates grievance was dismissed rationale given the Department of Public safety and correctional Services office of the Secretary sent the plaintiff a letter of inquiry from the DPSCS, office of inmate Health and clinical Services dated February 18, 2020 with Governor Larry Hogan's name affixed to its subheading. Then another letter that was signed and dated February 11, 2020 from Corizon Health Services with the signature of RN William Beeman affixed to the document as the provider or doctor clearly stating that the plaintiff does not need the accomodations of the TTY or Videophone system because he had been noted of using the telephone (standard) However, after the continued violations of the Plaintiffs Rights of the ADA. He was transferred by the Defendants at North Branch correctional Institution to the Western correctional Institution who also did not afford the plaintiff his rights in accord to the Americans with Disabilities Act and also have not established any programs, services or accomodations for those inmates who have Deaf, Hard of hearing or hearing impaired disabilities in which the plaintiff again filed an ARP that was dismissed and he was told that he could use the cell phone and no other accomodations were mentioned. Then on or about December 2020 the plaintiff filed an appeal for this ARP it's no. WCI-2157-20 and on January 6, 2021 the commissioner of correction or headquarters request an extension of time for further investigation the response is due February 20, 2021.

## LEGAL CLAIMS

Plaintiff reallege and incorporate by reference paragraphs 1-15.

The state defendants consistently violated the plaintiff Terry Dorsey's Rights under the Americans with Disabilities Act (ADA) The Rehabilitations Act. Discrimination against him (the plaintiff) and his Disability and those who are Deaf, Hard of Hearing and Hearing impaired. The defendants also violated the plaintiff Constitutional Rights to be Free of cruel and unusual punishment, deliberate indifference. The Defendants Violated the Plaintiffs Rights in accord with the settlement Agreement made By the DPSCS to Establish Programs, services and accomodations for those Inmates that are Deaf, Hard of Hearing and Hearing Impaired in every maryland DPSCS Facility and create a housing unit. For those inmates titled special needs units. And violated the Plaintiff Terry Dorsey's Rights under the Eighth and fourteenth Amendment of the constitution of united states.

The plaintiff Terry Dorsey has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks. At all times each defendant acted under color of state.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter Judgment granting plaintiff

(1) A declaration that the Acts and omissions described herein violated plaintiffs Rights under the constitution and laws of the united states.

(2) A preliminary and permanent injunction ordering the defendants to provide the plaintiff with all the programs, services and accomodations afforded to Deaf, Hard of Hearing or Hearing impaired inmates in accord with the ADA and the Settlement Agreement in Jarboer Maryland Department of Public safety and correctional services civil. No. ELH-12-00572 and to have the plaintiff transferred to a facility within DPSCS that has the services already established.

(3) Compensatory damages in the amount of $50,000.00 (Fifty thousand Dollars) against each defendant, jointly and severally.

(4) Punitive damages in the amount of $50,000.00 (Fifty thousand Dollars) against each defendant

(5) A Jury trial on all issues triable by Jury

(6) Plaintiffs costs in this suit

(7) Any additional relief this court deems Just, proper, and equitable

Dated February 15, 2021

Respectfully submitted

*Terry Dorsey*

Terry Dorsey 193579
13800 McMullen Hwy S.W
Cumberland, maryland
21502

FILED ___ ENTERED ___
LODGED ___ RECEIVED ___

MAR 2 2 2021

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## VERIFICATION

I Have read the Foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalties of perjury that the foregoing is true and correct.

Executed at: 13800 McMullen Hwy
Cumberland, Maryland 21502
Date: February 15, 2021

Signature: Jerry Dorsey 193578

(9) Ronald W